# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSHUA MCGEE,<br><br>                  Plaintiff,<br><br>v.<br><br>STATE COLLECTION SERVICE, INC.<br>and JOHN DOES 1–25,<br><br>                  Defendants. | Case No. 20-CV-1770-JPS<br><br><br>**ORDER** |

        On November 30, 2020, Plaintiff Joshua McGee ("Plaintiff") filed this action alleging that Defendant State Collection Service, Inc. ("Defendant")[1] violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Docket #1). On January 25, 2021, Defendant filed a motion to dismiss which is now fully briefed. (Docket #6). For the reasons explained below, the Court will grant Defendant's motion and dismiss Plaintiff's case for lack of Article III standing.

1. **LEGAL STANDARD**

        Federal Rule of Civil Procedure 12(b) provides for dismissal of complaints which, among other things, fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell*

---

    [1]Plaintiff also listed as defendants "John Does 1–25" as "fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action." (Docket #1 at 3).

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015) (internal citations and quotations omitted). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal citations and quotations omitted).

## 2. RELEVANT ALLEGATIONS

The Court's statement of facts, which is drawn from Plaintiff's complaint, (Docket #1), is limited. Plaintiff is a resident of Wisconsin. (*Id.* at 3). Defendant is a debt collector with an address in Madison, Wisconsin. (*Id.*) Some time prior to December 8, 2019, Plaintiff allegedly incurred an obligation to Aurora Advanced Healthcare Inc. ("Aurora"). (*Id.* at 6). Aurora contracted Defendant to serve as its debt collector. (*Id.*)

On or about December 8, 2019, Defendant sent Plaintiff a debt collection letter (the "Letter") regarding the alleged debt which Plaintiff owed to Aurora. (*Id.* at 7; Docket #1-1). The Letter states, "[i]f requested, this office will notify you if and when it intends to report this claim to a credit bureau, but in no event will that happen until after the 30 day validation period described below." (Docket #1-1 at 2).

Plaintiff believes that Defendant knows which accounts are eligible to be collected, but instead of providing that information to Plaintiff, Defendant sought "to lure the Plaintiff into a phone call by not providing information they already know regarding credit." (Docket #1 at 7). Plaintiff alleges that he "incurred an informational injury due to Defendant's deceptive statements in the letter attempting to lure Plaintiff into contacting them through deceptive means," and that he "wanted to invoke this right but had no knowledge as to how it would occur." (*Id.*) Additionally, Plaintiff pleads that, "[a]s a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged." (*Id.*)

3.  **ANALYSIS**

To have Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that fact is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). These requirements are rooted in Article III, which limits a federal court's authority to resolve "Cases" and "Controversies." U.S. Const. art. III, § 2. A plaintiff "bears the burden of establishing these elements." *Spokeo, Inc.*, 136 S. Ct. at 1547.

An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and quotations omitted). To be "concrete," an alleged harm need not be tangible, but it must be "'real,' and not 'abstract.'" *Spokeo*, 136 S. Ct. at 1548–49. The question here is whether Plaintiff has alleged that he suffered—or faced a real risk of suffering—a concrete harm.

Plaintiff has brought suit pursuant to §§ 1692e and 1692f of the FDCPA, which prohibit "false, deceptive, or misleading representations" and "unfair or unconscionable" means in the collection of debts. 15 U.S.C. §§ 1692e, 1692f. (Docket #1 at 8–9). Essentially, Plaintiff alleges that because Defendant withheld information about the alleged debt and failed to explain the method by which Plaintiff could invoke his right to be notified about when such debt would be reported, Plaintiff did not invoke his rights as he did not know how to do so. (*Id.* at 7). Plaintiff alleges that he suffered an "informational injury" and was "lured" by Defendant into contacting them.[2] (*Id.*)

Recently, the Seventh Circuit has issued a series of opinions concerning the injury requirement in FDCPA cases. In *Casillas v. Madison Ave. Assocs., Inc.*, the court recognized "the fact that Congress has authorized a plaintiff to sue a debt collector who 'fails to comply with any requirement [of the FDCPA],' 15 U.S.C. § 1692k(a), does not mean that [a plaintiff] has standing." 926 F.3d 329, 333 (7th Cir. 2019). Even where Congress has codified a statutory right, a plaintiff must still allege that he has suffered a concrete and particularized injury connected to that interest. *Id.* A plaintiff "cannot demonstrate standing simply by pointing to [a defendant's] procedural violation [of the FDCPA]." *Id.*; *see also Spokeo*, 136 S. Ct. at 1549 ("[a plaintiff may] not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III").

Specifically, in *Casillas*, the Seventh Circuit affirmed the lower court's ruling dismissing a debtor's action for lack of Article III standing.

---

[2]Plaintiff does not plead that he actually contacted Defendant.

*Casillas*, 926 F.3d at 339. There, a collection agency sent a debtor a collection letter which described the debt-verification process but "neglected to specify that she had to communicate in writing to trigger the statutory protections." *Id.* at 331. While this omission may have amounted to a violation of the FDCPA, the Seventh Circuit held that the debtor failed to allege that any of the collector's actions harmed or posed a real risk of harm to her interest under the FDCPA. *Id.* at 334. Crucial to the Seventh Circuit's holding, the debtor failed to allege any facts that showed the court that she was in harm's way: she made no allegations that she "tried—or even planned to try—to dispute [or verify] the debt." *Id.* at 332.

Further, where a debtor receives a confusing debt-collection letter, "the state of confusion is not itself an injury." *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020), *reh'g denied* (Jan. 11, 2021). But "[a] debtor confused by a [debt-collection] letter may be injured if she acts, to her detriment, on that confusion." *Id.* The Seventh Circuit in *Brunett* provided examples of such injury, including where "the confusion leads [a debtor] to pay something she does not owe, or to pay a debt with interest running at a low rate when the money could have been used to pay a debt with interest running at a higher rate." *Id.* Those examples contain the requirement—as they must—that the debtor was actually injured.

In *Tataru v. RGS Financial, Inc.*, the debtor sued a creditor for sending a debt-collection letter which, because of unclear information within the letter, caused the debtor to believe such collection efforts were a "scam." No. 18-CV-6106, 2021 WL 1614517, at *1 (N.D. Ill. Apr. 26, 2021). The court, however, wrote that the plaintiff "needed to do more than demonstrate a threat that he would fail to exercise his rights because he deemed the [debt-collection] letter a scam—he must have actually failed to exercise those

Page 5 of 8
Case 2:20-cv-01770-JPS   Filed 05/25/21   Page 5 of 8   Document 13

rights *and* suffered some tangible adverse consequence as a result. *Id.* (emphasis added). "For example, [the debtor] could have suffered a concrete injury if, because he suspected the letter was from a scammer, he delayed taking action on the debt *and* was then charged more interest as a result." *Id.* at *3 (emphasis added).

Here, Plaintiff pleaded that he did not take action to invoke his rights because of Defendant's alleged deception. (*See* Docket #1 at 7) ("Plaintiff wanted to invoke this right but had no knowledge as to how it would occur."). But Plaintiff failed to take the next step—he did not plead how he was damaged. His statement of damages begins and ends with, "[a]s a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged." He has not alleged that, because of Defendant's deception, he failed to act or was confused *and*, therefore, paid a debt he did not owe, *see Brunett*, 982 F.3d at 1068, chose to make payments on a lower-interest debt rather than on a higher-interest debt which was the subject of the deceit, *see Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 286 (7th Cir. 2020), or, relevant to the present case, failed to receive information about when his alleged debt would be reported and could not make informed decisions about his priority of payment.

In fact, based on his briefing on Defendant's motion to dismiss, it appears that no information has been reported to any credit agency. (Docket #8 at 13–14) ("If Defendant SCS were to credit report this debt tomorrow, or even a month or two from now, and Plaintiff had known about it, Plaintiff would have paid that debt to avoid negative credit reporting as opposed to other debts without such risk."). Plaintiff now argues that, because he did not know how to invoke his right to be notified of when his debt would be reported, he was not able to take advantage of

his right to be informed of when Defendant would do so, thus depriving him of the ability to make informed priorities about repayment of his debts. But, since it appears that he would not yet have received such notice, he has the same amount of information he would have had were he given the details of how to receive this information.

"The FDCPA envisions that debtors will use accurate, non-misleading information in choosing how to respond to collection attempts and how to manage and repay their debts." *Spuhler*, 983 F.3d at 286. Accordingly, a plaintiff must plead that a defendant's violation of the FDCPA "detrimentally affected the debtors' handling of their debts." *Id.* Certainly, "[c]omplaints need not be elaborate," *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 281 (7th Cir. 2020) (internal quotations and citations omitted), but Plaintiff has not explained how his confusion on how (and therefore failure) to invoke his rights concretely damaged him.

### 4. CONCLUSION

As outlined above, Plaintiff's complaint fails to allege sufficient damages as to confer Article III standing. Thus, the Court will grant Defendant's motion to dismiss, (Docket #6), and dismiss this action with prejudice and without leave to amend.

Accordingly,

**IT IS ORDERED** that Defendant State Collection Service, Inc.'s motion to dismiss (Docket #6) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** and without leave to amend.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge